GUNDERSON et al, Respondents, v. YOUNG, County Treasurer of Stanley County, et al, Appellants.

(FORT PIERRE INDEPENDENT SCHOOL DISTRICT, Intervenor.)

(205 N. W. 28.)

(File Nos. 5780, 5781.   Opinion filed August 25, 1925.)

**Mandamus—Taxation—County Treasurer Properly Compelled by Mandamus to Accept Taxes Due.**

Where effect of former decree was to cancel and annul tax levy in consolidated school district, it became duty of county treasurer to accept taxes due from property owners therein, less amount claimed to be due for school taxes, and where he failed to do so on demand mandamus was proper mode of compelling him to do it; Rev. Code 1919, Sec. 6826, being applicable only where question as to legality of tax is involved.

Appeal from Circuit Court, Stanley County; Hon. N. D. Burch, Judge.

Mandamus by W. Scott Gunderson and other against Ben H. Young, as County Treasurer of Stanley County, in which Fort Pierre Independent School District intervened, and in which Bad River School District No. 5 and another were interpleaded. From a judgment issuing a writ of mandamus, and from an order dismissing petition of intervener, defendant named and intervener appeal. Affirmed.

J. F. Callahan, Acting State's Atorney, of Ft. Pierre, for Appellant Young.

*Johnson & Johnson,* of Pierre, for Appellant Fort Pierre Independent School District.

*Stephens, McNamee, O'Keeffe & Stephens,* of Pierre, for Respondents.

Appellant cited: Chicago & North Western Raiway Co. v. Rolfson, 23 S. D. 405; Bayard v. United States, 127 U. S. 246; Johnson Land Co. v. Convis (N. D.), 157 N. W. 980; State ex rel McCardy v. Nelson Co. Treasurer (Minn.), 42 N. W. 548; Flannigan v. Rural Credit Board, 45 S. D. 620; Sec. No. 5925, R. C. 1919; State ex rel v. Lehman, 45 S. D. 395; Howell v. People (Ill.), 105 Am. St. Rep. 122.

Respondent cited: State ex rel Carpenter et al (Wyo.), 64 Pac. 82.

POLLEY, P. J. About the month of August, 1919, certain steps were taken with a view of organizing a consolidated school district consisting of territory theretofore comprising the Ft. Pierre independent school district, Antelope school district No. 2, and Bad River school district No. 5; such consolidated district to be known as Ft. Pierre independent consolidated school district No. 1, in Stanley county.

A board of education of said consolidated school district was elected, which said board proceeded to conduct the school facilities within said consolidated district, and proceeded to and did levy taxes on the property in the whole of said consolidated school district for the support of the schools therein, which said taxes were spread and extended on the tax records of said Stanley county for the years 1919, 1920, and 1921. Thereafter proceedings were had in the circuit court in said Stanley county to the end that a decree was entered in the said court adjudging the organization of the said consolidated school district to be null and void; that the attempted consolidation and the order of the county superintendent purporting to consolidate said district was without jurisdiction or authority; that the said proceedings were fraudulent, and that all proceedings had or taken by the taxing officers of said consolidated school district and of Stanley county purporting to assess the property in what had formerly been Antelope school district No. 2, and Bad River school district No. 5, for school purposes, were null and void, and were taken without au-

thority or jurisdiction, and all of said proceedings were vacated and set aside, and the said officers and each of them were perpetually enjoined from attempting to collect any of the taxes so purported to have been levied for school purposes upon the said property. This decree of the circuit court was affirmed by this court on the 19th day of March, 1922. Hines v. Sumner, 45 S. D. 93, 186 N. W. 116.

Assuming that all school taxes that had been levied upon the property of plaintiffs, who are property owners and taxpayers in the said Antelope school district No. 2, and Bad River school district No. 5, had been canceled and set aside pursuant to the said decree, plaintiffs tendered to the defendant, as county treasurer of Stanley county, the amount of their taxes, less the amount that had been assessed for school purposes by the said consolidated district, and demanded receipts for the same. This tender was refused by defendant, and plaintiffs instituted this proceeding in mandamus to compel defendant to accept from plaintiffs the amount of their taxes for the years 1919, 1920, and 1921, less the amount that had been so levied for school purposes.

A demurrer by the defendant to plaintiff's petition for the writ of mandamus was overruled, and defendant answered. The Ft. Pierre independent school district filed a petition in intervention, and also asked that the Antelope school district No. 2 and Bad River school district No. 5 be brought in as defendants. The trial court sustained a demurrer to defendant's amended answer and issued the writ of mandamus as prayed for by plaintiff, and defendant appeals.

The trial court also dismissed the petition of the intervener, the Ft. Pierre independent school district, and the intervener appeals. Both appeals are submited together, and both will be disposed of in one opinion. To consider all the matters that are presented by the appellants on these appeals would render the opinion interminable, and in our view a consideration of such matters, with one exception, is unnecessary to a disposition of the case.

It is contended by appellant that mandamus is not the proper remedy; that plaintiff should first pay the disputed tax, file a protest, and then bring an action to recover the same as provided by section 6826, . C. 1919. This section provides that:

"In all cases in which, for any reason, it shall be claimed that any tax about to be collected is wrongful or illegal, in whole or in part, the remedy, except as otherwise expressly provided by this code, shall be by payment under protest and action to recover, as provided in this section."

This is a salutory provision, the purpose of which is to prevent delay in the collection of taxes while disputed questions touching the validity thereof may be tested in court, and if there were any question as to the legality of the tax involved in this case there might be a doubt as to whether mandamus was the proper remedy. But here no such question is involved. The legality of these taxes and the right of the board of education of the purported Ft. Pierre consolidated school district to levy taxes against the property in the Antelope and Bad River school districts are the very questions that were litigated in Hines v. Sumner, supra, and in that case it was decreed that all proceedings taken by said pretended board of education purporting to assess the property in said Antelope and Bad River school districts or to levy a tax thereon for school purposes, were null and void. All of said proceedings were vacated and set aside, and said board of education was enjoined from further attempt to collect said tax. The effect of this decree was to cancel and annual the said tax, and so far as plaintiffs are concerned said tax has no further existence. This left it the plain duty of the defendant to accept the amount of taxes due from plaintiffs less the amount claimed to be due for school taxes and to issue receipts for the same; and, having failed to do so on demand, mandamus is the proper mode of compelling him to do it.

The judgment and orders appealed from are affirmed.

Note.—Reported in 205 N. W. 28.    See, Headnote, American Key-Numbered Digest, Mandamus, Key-No. 119, 38 C. J. Sec. 430.